Case 4:25-cr-06012-MKD    ECF No. 35    filed 04/17/25    PageID.140    Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JONATHAN MICHAEL ATKINSON (1),<br><br>            Defendant. | No. 4:25-CR-06012-MKD<br><br>STIPULATED PROTECTIVE ORDER REGARDING COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND, AND ORDER GRANTING MOTION TO EXPEDITE<br><br>**ECF Nos. 29, 30** |

Before the Court are the parties' Stipulation regarding Computer Forensic Review Procedures for Child Pornography Contraband, ECF No. 29, and the United States' Motion to Expedite, ECF No. 30.  Given the nature of the allegations in this case, the parties stipulate to imposing privacy protection measures pursuant to 18 U.S.C. § 3509.  *See* ECF No. 29-1.  The Court has reviewed the motions and the record and is fully informed.  The Court finds good cause to grant the stipulation and related motion to expedite.

Accordingly, **IT IS HEREBY ORDERED:**

ORDER - 1

1. The parties' Stipulation regarding Computer Forensic Review Procedures for Child Pornography Contraband, **ECF No. 29**, is **GRANTED**.

2. The United States' Motion to Expedite, **ECF No. 30**, is **GRANTED**.

**IT IS FURTHER ORDERED:**

3. 18 U.S.C. § 3509(m) applies to this case, and the Court is required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the United States makes the material reasonably available to Defendant and provides an ample opportunity for the defense to examine it at a government facility. *See* 18 U.S.C. § 3509(m).

4. In order to comply with 18 U.S.C. § 3509(m), and to allow Defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States will make a forensic copy or "image" of devices and media containing alleged child pornography contraband at issue in the above-referenced case. The United States will make full forensic images reasonably available to Defendant and provide ample opportunity for the defense team to examine them at a government facility in Spokane, Washington. The United States will also work with counsel for Defendant to make reasonably available a working copy of contraband material at the offices of Homeland Security Investigations in Richland, Washington. The parties may readdress the Court if there is a need for

ORDER - 2

additional or after-hours access during the course of litigation in the event trial or motion hearings require additional forensic review.

  5. The defense forensic examination of the full forensic images in Spokane may be conducted in an interview room monitored by closed-circuit television ("CC-TV"), without audio feed. If so, the TV with non-audio feed will ensure the integrity of government agency space and security of its occupants and will not be of sufficient detail or at an angle that would reveal defense strategy. The United States and its agents will make no attempt to record any audio from the workstation and no attempt to observe the defense team's work product or computer monitor screen at any time. The defense expert may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

  6. The defense team[1] shall not make, nor permit to be made, any copies of the alleged child pornography contraband pursuant to this Protective Order, nor will they remove any contraband images from the government facility. The defense expert will be allowed to copy any file that is not contraband and compile

---

[1] For purposes of this Protective Order, the term "defense team" refers solely to Defendant's counsel of record ("defense counsel"), Defendant's designated expert ("defense expert"), and a defense investigator.

ORDER - 3

a report (without contraband images/videos) documenting the examination on removable media at the discretion of the defense expert.

7. Any defense counsel and/or designated defense expert will leave at the government facility any equipment, including hard drives, which contain child pornography contraband that is identified during forensic evaluation.

8. For the purpose of trial, the United States will make available a digital copy of any government trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by the defense, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If the defense team intends to offer, publish, or otherwise utilize any government or defense exhibit contained on the digital copy maintained by the case agent during trial, the case agent shall assist the defense team in publishing or utilizing the exhibit that contains contraband upon reasonable notification by the defense team.

9. This ORDER shall apply to any attorneys who subsequently become counsel of record, along with their defense teams, without the need to renew or alter the ORDER.

ORDER - 4

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** April 17, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 5